UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUIS YANIER ALVAREZ
SALGADO, SUBMITTED BY
DELVIS SALGADO TREJO,
MOTHER OF THE PETITIONER,

      Plaintiff,

    v.

WARDEN, EVERGLADES
DETENTION FACILITY,  US
ATTORNEY GENERAL,

      Defendants.

Case No. 2:26-cv-1196-KCD-NPM

## ORDER

Before the Court is a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by Delvis Salgado Trejo, on behalf of Luis Yanier Alvarez Salgado, who is currently detained by Immigration and Customs Enforcement. (Doc. 1.)

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The latter part of this provision codifies the common law tradition of permitting a "next friend" to litigate on behalf of a person who, because of incompetence, is unable to initiate a habeas action himself. *See Whitmore v. Ark.*, 495 U.S. 149, 162 (1990). But "'[n]ext friend'

standing is by no means granted automatically[.]" *Id.* at 163. To demonstrate "next friend" status is warranted, the would-be next friend must (1) provide an adequate explanation for the necessity of the designation, such as the real party's mental incompetence or lack of access to the courts, and (2) show she is "truly dedicated to the interests" of the real party. *Id.*

Trejo has not met this standard. Although she is Salgado's mother, there is no allegation that Salgado is mentally incompetent or has been denied access to the courts. Even so, this Court sees numerous pro se petitioners in immigration custody seeking relief who face the same conditions as Salgado and are able to litigate their petition. At bottom, Trejo offers nothing beyond conclusory allegations to show that Salgado warrants any special protection by a next friend to litigate on his behalf.

Because Trejo does not demonstrate the propriety of "next friend" status, she lacks standing to initiate this action on Salgado's behalf. *See Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622 (11th Cir. 2007) ("Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition."); *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) ("[W]hen the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity

for resort to the 'next friend' device, the court is without jurisdiction to consider the petition.").

What is more, even if there was next-friend status, Trejo does not claim to be a lawyer. So she cannot represent Salgado here. *See Weber*, 570 F.2d at 514; *Marcia Turner v. Neptune Towing & Recovery, Inc.*, No. 8:09-CV-I071-T-27AEP, 2011 WL 2981786, at *2 (M.D. Fla. July 22, 2011) ("Under Rule 17(c), a representative does not have the right to appear on behalf of a minor or an incompetent person unless that representative is represented by counsel."); *Bey on behalf of Baxter v. Fla.*, No. 4:24CV517/MW/ZCB, 2025 WL 351425, at *1 n.2 (N.D. Fla. Jan. 6, 2025); *Williams v. Billy*, No. 18-23529-CV, 2019 WL 2516590, at *2 (S.D. Fla. June 3, 2019).

Accordingly, it is **ORDERED**:

1. The Petition (Doc. 1) is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close the case.

3. The Clerk is directed to send a copy of this Order to Delvis Salgado Trejo, 1828 SE 8th Terrace, Cape Coral, FL 33990.

**ORDERED** in Fort Myers, Florida on April 22, 2026.

Kyle C. Dudek
United States District Judge

3